**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

June 1, 2020

David L. Stevens, Esq.
Scura, Wigfield, Heyer, Stevens & Cammarota, LLP
1599 Hamburg Turnpike
Wayne, NJ 07470
*Attorney for Appellant Scott P. Cowan*

Robert J. Schneider, Jr.
Department of Justice, Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102
*Attorney for Appellee Andrew R. Vara, United States Trustee*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    *Cowan v. Vara et al.*, **Civil Action No. 19-20578 (SDW)**

Counsel:

    Before this Court is Appellant Scott P. Cowan's ("Mr. Cowan") appeal of the United States Bankruptcy Court for the District of New Jersey's October 23, 2019 decision denying his motion for summary judgment and granting Appellee Andrew R. Vara's ("United States Trustee")[1] cross-motion for summary judgment. Venue is proper pursuant to 28 U.S.C. § 1409(a). This opinion is issued without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons discussed below, the Bankruptcy Court's decision is **AFFIRMED**.[2]

---

[1] Appellee is a United States Trustee, a Department of Justice official appointed by the Attorney General to supervise the administration of bankruptcy cases. *See* 28 U.S.C. §§ 581, 586. The United States Trustee is authorized by 11 U.S.C. § 727(c)(1) to object to a debtor's discharge and has standing under 11 U.S.C. § 307 to appear and be heard on any issue in any bankruptcy case. *See United Artists Theatre Co. v. Walton*, 315 F.3d 217, 225 (3d Cir. 2003).

[2] Appellant's Motion to Strike Appellee's Brief (D.E. 11) for violating the page limitations set forth in Fed. R. Bankr. P. 8015 (a)(7)(a) is **DENIED**. Fed. R. Bankr. P. 8015(a)(7)(B) provides for a type-volume limitation in lieu of the page limitation, pursuant to which "[a] principal brief is acceptable if it contains a certificate under [Fed. R. Bankr. P.] 8015(h) and[] contains no more than 13,000 words." Appellee's brief contained the required certificate, which certified that his brief contained 11,787 words. (D.E. 10 at 51.)

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This Court, writing for the parties, sets out only those facts necessary to decide the present appeal. On March 15, 2016, Mr. Cowan filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). (A52–58.)[3] The Bankruptcy Court converted Mr. Cowan's case to a liquidation case under chapter 7 of the Bankruptcy Code on November 2, 2016. (A33–35.) On April 5, 2017, the United States Trustee filed a complaint objecting to Mr. Cowan's discharge. (SA48–65.)

Mr. Cowan moved for summary judgment on October 31, 2018, and the United States Trustee filed a cross-motion for summary judgment on December 3, 2018. (*See* SA254–55, SA328–39.) United States Bankruptcy Judge Stacey L. Meisel issued her opinion and order on October 23, 2019, denying Mr. Cowan's motion, granting summary judgment to the United States Trustee, and denying Mr. Cowan's discharge. (D.E. 1-1, 1-2.) Mr. Cowan filed a notice of appeal on November 7, 2019. (D.E. 1; *see* D.E. 1-3.)

## II.   DISCUSSION

The appeal of a bankruptcy court's final order must be filed "in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Federal Rule of Bankruptcy Procedure 8002(a) requires a notice of appeal to be filed within 14 days of the entry of the order being appealed. The requirement that a notice of appeal be timely filed is "mandatory and jurisdictional," and the failure to file a timely appeal therefore bars appellate review. *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (citations omitted); *In re Caterbone*, 640 F.3d 108, 112–14 (3d Cir. 2011) (holding that timely notice of appeal is a jurisdictional requirement under 28 U.S.C. § 158(c)(2) and remanding to district court with instructions to dismiss late-filed appeal for lack of subject matter jurisdiction).

Here, the Bankruptcy Court's order granting the United States Trustee's summary judgment motion and denying Mr. Cowan's discharge was entered on October 23, 2019. The deadline to appeal that order, or to file a motion to reconsider that order or extend the deadline for filing an appeal, was therefore November 6, 2019. *See* Fed. R. Bankr. P. 8002(a). This deadline was not a weekend day or federal holiday, so a notice of appeal of the order had to be filed by that day to be timely. *See* Fed. R. Bankr. P. 9006. Mr. Cowan filed his notice of appeal on November 7, 2019—one day late. This Court therefore lacks jurisdiction over the appeal. *See Caterbone*, 640 F.3d at 114; *see also In re Sobczak-Slomczewski*, 826 F.3d 429, 431–32 (7th Cir. 2016) (affirming dismissal of bankruptcy appeal for lack of jurisdiction because notice of appeal was filed one day late).

Mr. Cowan did not seek an extension of the deadline, and it is too late to do so now. *See* Fed. R. Bankr. P. 8002(d)(1) (prescribing when the time to appeal may be extended, including for excusable neglect); *see also Caterbone*, 640 F.3d at 113–14 (refusing to apply the excusable neglect doctrine to disregard appellant's failure to file an appeal within the time set by Fed. R.

---

[3] Citations to "A" refer to the Appendix filed by Mr. Cowan. (D.E. 7-1, 7-2.) Citations to "SA" refer to the United States Trustee's Supplemental Appendix. (D.E. 10-1.)

Bankr. P. 8002(a)); *Bowles*, 551 U.S. at 214 (noting that courts have "no authority to create equitable exceptions to jurisdictional requirements").  This Court must therefore dismiss Mr. Cowan's late-filed appeal.[4, 5]

### III.   CONCLUSION

For the reasons set forth above, the Bankruptcy Court's decision is **AFFIRMED**.  An appropriate order follows.

                                                                                       /s/ Susan D. Wigenton
                                                                     **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties

---

[4] Mr. Cowan argues, without any supporting case law, that the United States Trustee waived his timeliness argument by failing to object to Mr. Cowan's notice of appeal.  (D.E. 13 at 6–7.)  Mr. Cowan's position is unavailing, as this Court cannot review an order that it lacks jurisdiction to review.

[5] Because this Court lacks jurisdiction, it will not address the merits of Mr. Cowan's remaining arguments.